UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MALIBU MEDIA, LLC, doing business as
X-Art.com,**

          **Plaintiff,**

       v.            1:16-CV-202
                  (FJS/DEP)

**KYLE OFIESH,**

         **Defendant.**
_____

**APPEARANCES**        **OF COUNSEL**

**THE JAMES LAW FIRM**    **JACQUELINE M. JAMES, ESQ.**
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
Attorneys for Plaintiff

**KYLE OFIESH**        **NO APPEARANCE**
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff filed its complaint in this action on February 21, 2016, alleging that an unnamed Defendant had illegally copied and distributed certain of Plaintiff's copyrighted works through the peer-to-peer file sharing software BitTorrent. *See* Dkt. No. 1.

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Court issued an Order authorizing the issuance of a Rule 45 subpoena on a certain Internet Service Provider, Time Warner Cable, to determine Defendant's identity based on his Internet Protocol ("IP") address. *See* Dkt. No. 6. On October 11, 2016, Plaintiff filed its amended complaint, naming Kyle Ofiesh as Defendant.

*See* Dkt. No. 13 at ¶ 10. Defendant failed to answer the amended complaint or otherwise appear in this action.

## II. BACKGROUND

In its amended complaint, Plaintiff alleges that it "is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship." *See* Dkt. No. 13 at ¶ 31. Plaintiff further asserts that, "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit" without Plaintiff's authorization, permission or consent. *See id.* at ¶¶ 32-33. As a result of these actions, Plaintiff contends, Defendant violated its exclusive right to (1) "[r]eproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501"; (2) "[r]edistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501"; (3) "[p]erform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display"; and (4) "[d]isplay the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display[.]" *See id.* at ¶ 34.

On December 8, 2016, Plaintiff requested a Clerk's Entry of Default, *see* Dkt. No. 22, which the Clerk of the Court entered on December 9, 2016, *see* Dkt. No. 24. Plaintiff now moves for entry of a default judgment against Defendant for statutory damages, a permanent injunction to prevent

Defendant from further infringing its copyrights, and an award of costs and reasonable attorney's fees associated with the litigation of this action. *See* Dkt. No. 26.[1]

### III. DISCUSSION

**A.     Plaintiff's copyright claims**

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability[.]" *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted); *see also Granite Music Corp. v. Center St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted).  The court, however, must still decide "whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted." *Granite Music Corp.*, 786 F. Supp. 2d at 726 (citations omitted).  If the court determines that the defendant is liable, "the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages" it seeks. *Id.* (citation omitted).

A court may grant default judgment to a plaintiff asserting copyright infringement if the defendant has failed to answer or otherwise appear in an action. *See id.* (citation omitted).  Since, in this case, Defendant has not appeared in this action, the Court may grant Plaintiff the default judgment it seeks if the well-pleaded allegations in its amended complaint establish the alleged copyright violations. *See id.*

It is well-settled that, to establish infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

---

[1] In conjunction with Plaintiff's motion for entry of a default judgment, counsel has stated that Defendant is not a minor, an incompetent person, or in the military. *See* Dkt. No. 26-5, Declaration of Jacqueline M. James ("James Decl."), dated December 14, 2016, at ¶ 7.

original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (citation omitted). Having reviewed Plaintiff's amended complaint and the attachments thereto, the Court finds that Plaintiff's well-pleaded allegations establish these two elements; and, therefore, Defendant is liable for infringing Plaintiff's copyrights for the 61 works listed in Exhibit "B" attached to Plaintiff's amended complaint.

**B.     Copyright infringement remedies**

As noted, Plaintiff seeks the following relief in connection with the default judgment: (1) statutory damages pursuant to 17 U.S.C. § 504(c)(1) in the amount of $750.00 for each of the 61 copyright infringements, for a total of $45,750.00; (2) a permanent injunction prohibiting Defendant from future infringement of these copyrights; and (3) an award of costs and attorney's fees it has expended in the prosecution of this action.

*1. Statutory damages*

Section 504 of the United States Copyright Act of 1979, as amended, provides, in pertinent part, that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). For unintentional infringement, § 504(c) provides that "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is willful, however, pursuant to 17 U.S.C. § 504(c)(2), "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

-4-

In this case, although Plaintiff has alleged that Defendant's infringement was willful, *see* Dkt. No. 13 at ¶ 35, the Court does not need to decide this issue because Plaintiff has requested the statutory minimum of $750.00 for each of the 61 copyright infringements under § 504(c)(1). Furthermore, although a court may conduct a hearing when necessary to determine damages under Rule 55(b)(2), it may make that decision without a hearing if it can determine, based on a review of the record, that there is a sufficient basis for the damages that the plaintiff seeks in the default judgment. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Since the Court has already determined that Defendant is liable for copyright infringement and Plaintiff seeks the statutory minimum amount of damages for each copyright infringement, there is no need for the Court to hold a hearing.

Having reviewed Plaintiff's amended complaint and having found that Plaintiff's well-pleaded allegations support its claims that Defendant infringed its 61 copyrights at issue, the Court awards Plaintiff $45,750.00 in statutory damages pursuant to 17 U.S.C. § 504(c)(1).

### *2. Injunctive relief*

Plaintiff seeks entry of a permanent injunction against Defendant, arguing that, without such an injunction, there is an existing threat that Defendant will continue to violate Plaintiff's exclusive rights to reproduce, distribute, perform and display the sixty-one (61) copyrighted works listed on Exhibit "B" attached to its amended complaint, through the use of the BitTorrent protocol to upload and download these works between and among peer users without Plaintiff's authorization. Plaintiff also argues that Defendant will not suffer any injury as a result of a permanent injunction requiring him to cease infringing Plaintiff's works and that the entry of such a permanent injunction is in the

public interest. *See* Dkt. No. 26-1 at 10-13.

Pursuant to the Copyright Act, a court "may . . . grant . . . injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must show

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted); *see also Salinger v. Colting*, 607 F.3d 68, 77-78 (2d Cir. 2010) (noting that the *eBay* standard applies to copyright injunctions).

In this case, Plaintiff has suffered an irreparable injury due to Defendant's unlawful downloading and sharing of Plaintiff's copyrighted works. Moreover, by using BitTorrent, Defendant was able to distribute copies of the copyrighted works to other peers continuously, thereby facilitating future infringement. Furthermore, under these circumstances, monetary damages are insufficient to compensate Plaintiff for the injury it has suffered because such damages will not prohibit future infringement. With regard to the balance of the hardships, there is no hardship to Defendant because a permanent injunction will do no more than prevent Defendant from engaging in further unlawful activity. Finally, a permanent injunction will not disserve the public interest; in fact, to the contrary, it will protect copyrighted material and encourage compliance with the Copyright Act. Accordingly, for all these reasons, the Court grants Plaintiff's request for a permanent injunction, enjoining Defendant from infringing the copyright of any of the 61 works listed in Exhibit "B" to Plaintiff's amended complaint.

### *3. Costs and attorney's fees*

Plaintiff requests an award of costs, including attorney's fees, pursuant to 17 U.S.C. § 505, which provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof . . . [, and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

In this case, Plaintiff's counsel's declaration includes an itemized list of the tasks that attorneys and paralegals performed in this action as well as the number of hours they expended on such tasks. *See* James Decl. at ¶¶ 8-9.

With regard to costs, Plaintiff's counsel states that Plaintiff has incurred costs in the amount of $475.00, which includes the statutory filing fee of $400.00 and process service fees of $75.00. *See id.* at ¶ 8. The Court finds that these costs are reasonable; and, therefore, the Court will award Plaintiff costs in the amount of $475.00.

With regard to attorney's fees, Plaintiff seeks $1,182.00, which is comprised of 7.2 hours of paralegal work at a rate of $85.00 per hour and 1.9 hours of counsel's work at a rate of $300.00 per hour. *See id.* at ¶ 9. Having reviewed the information that Plaintiff's counsel provided in her declaration regarding the type of work that counsel and paralegals performed and the amount of time they expended on those tasks, the Court finds the number of hours reasonable. The Court also finds that the hourly rate of $85.00 for the tasks that the paralegals performed in this case is reasonable. However, based on the hourly rates that courts in this District have applied when awarding attorney's fees for similar work of attorneys with like experience to Plaintiff's counsel, the Court finds that an hourly rate of $250.00 is more appropriate. *See BCI Constr., Inc. v. 797 Broadway Group, LLC*, Nos. 1:16-CV-1077, 1:16-CV-1113, 2017 WL 1743824, *5 (N.D.N.Y. May

3, 2017).

## IV. CONCLUSION

Accordingly, having reviewed the entire record in this case, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant, *see* Dkt. No. 26, is **GRANTED**; and the Court further

**ORDERS** that, pursuant to this default judgment, Defendant shall pay to Plaintiff the sum of $45,750.00 in statutory damages pursuant to 17 U.S.C. § 504(c)(1), and costs and attorney's fees in the amount of $1,562.00, pursuant to 17 U.S.C. § 505, for a total award of **$47,312.00**; and the Court further

**ORDERS** that Defendant shall pay post-judgment interest on this award at the current legal rate allowed and accruing under 28 U.S.C. § 1961, from the date of the entry of judgment in this case until Defendant has satisfied this judgment; and the Court further

**ORDERS** that Defendant is hereby enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the 61 copyrighted works at issue in this case, including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce, e.g., download, or distribute said works, or to make said works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff; and the Court further

**ORDERS** that Defendant shall destroy all copies of Plaintiff's copyrighted works that he has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall

destroy all copies of said works transferred onto any physical medium or device in Defendant's possession, custody or control; and the Court further

**ORDERS** that the Court shall retain jurisdiction over this action for six months from the date of this Memorandum-Decision and Order or until Defendant satisfies the judgment, whichever occurs earlier, to entertain any such further proceedings and to enter any further orders that may be necessary or appropriate to implement and enforce the provisions of this judgment; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: June 19, 2017
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge